CONWELL *v.* EMRIE and Others.

It is lawful to destroy buildings in case of a fire, when there is reasonable ground to believe that it is necessary.

ERROR to the *Dearborn* Circuit Court.

PERKINS, J.—This was an action of trespass in which the defendants were charged with pulling down a house. They pleaded not guilty, under an agreement authorizing them to give in evidence, under that plea, every matter that might be got in under any special pleas they could have adopted. The cause was tried by a jury, and the defendants had final judgment in their favor. The evidence is not upon the record. The following instructions are complained of:

"1. That men acting in case of fire, from sudden impulse, and upon good motives, are not to be held to strict accountability for their conduct; and if the jury believe from the evidence that the crowd engaged at the fire, and the defendants, really believed it necessary to tear the building down to save it from being consumed and consuming other buildings adjoining, the defendants are not guilty;"

"2. Though there may not have been an absolute necessity, yet, if the danger was apparent, and seemed to be so, it was right to pull down the house."

In *The Governor, &c.* v. *Meredith*, 4 Term Reports, 790, *Buller*, Justice, says: "There are many cases in which individuals sustain an injury, for which the law gives no action; for instance, pulling down houses, or raising bulwarks, for the preservation and defence of the

*Tuesday, May 28.*

kingdom against the king's enemies." *Kent,* in his Commentaries, Vol. 2, p. 238, says: "So it is lawful to raze houses to the ground to prevent the spreading of a conflagration." "The maxim of the law is, that private mischief is to be endured rather than a public inconvenience."

There is no doubt, then, as to the right to destroy buildings when necessary, in case of a fire. The question is as to the state of facts which will justify the exercise of the right. The instruction given in this case says, when men believe it to be necessary. It seems to us it should have been, when there is reasonable ground to believe it to be necessary. This is analogous to the doctrine of probable cause in malicious prosecutions.

*Per Curiam.*—The judgment is reversed with costs. Cause remanded, &c.

*J. Ryman,* for the plaintiff.

*W. S. Holman,* for the defendants.